**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1135**

SHELBY LYNN CASH; BETTY JOE CASH BAYNE,

Plaintiffs - Appellants,

v.

LEES-MCRAE COLLEGE, INCORPORATED; JON DRIGGERS, Dean of Students, Lees-McRae College, Incorporated, in his Official and Individual Capacities; JEFFREY MERRILL, Title IX Coordinator & Director of Compliance, Lees-McRae College Incorporated, in his Official and Individual Capacities; JOSH GAISSER, Assistant Dean of Students for Residence Life, Lees-McRae College, Incorporated, in his Official and Individual Capacities; ANDREW TAYLOR, Adjunct Instructor, Lees-McRae College, Incorporated, in his Official and Individual Capacities,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge; Dennis L. Howell, Magistrate Judge. (1:18-cv-00052-MR-WCM)

Submitted: May 18, 2020                    Decided: June 22, 2020

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen P. Lindsay, Kerstin W. Sutton, Cathy E. Crosson, SUTTON & LINDSAY, PLLC, Asheville, North Carolina, for Appellants.  Katie W. Hartzog, Carl Newman, CRANFILL SUMNER & HARTZOG LLP, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shelby Cash, a former student at Lees-McRae College in Banner Elk, North Carolina, and her mother commenced this action against the college and four college employees, alleging that the defendants discriminated against Cash on the basis of sex, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and the Fourteenth Amendment. Cash and her mother also asserted related state law claims.

In her complaint, Cash alleged that she was a victim of a sex-based harassment incident during her time at Lees-McRae College and that the collage mishandled her complaint against the harassers, causing her substantial emotional distress and prompting her to withdraw from the college. In particular, she alleged that in April 2017, she was "verbally accosted . . . in a sexual manner" by several male students while walking from a campus event in one building to another building in order to use the restroom. Fearing for her safety, she entered the Theater Arts Building, locked herself into the women's bathroom, and called her boyfriend. In the meantime, the students followed Cash into the building and yelled at her, "[B]ack that ass up, turn around you f--king bitch, you know you want some of this. Don't you want any?" As Cash's boyfriend escorted Cash from the building, the students "continued their verbal sexual harassment and threatening behavior."

Cash promptly reported the incident to the Assistant Dean of Students for Residence Life, who met with Cash and her mother to "work [the problem] out." The Assistant Dean had assembled the male students in a separate room, proposing that Cash speak with them to allow them to apologize. When a social worker in attendance at the meeting advised

3

that this was not an appropriate response in the circumstances, Cash rejected the "proposed mediation."

Six days later, Cash filed a Title IX complaint, at which time the college issued a no-contact order to prevent the students involved in the harassment incident from having direct or indirect contact with Cash. Nonetheless, the students thereafter followed Cash as she walked to an on-campus event and in the cafeteria, and twice they "sat down close" to her, including after she moved away from them in the cafeteria. One wrote a message on a whiteboard, which she read, "It's me — guess who." Cash notified college administrators of the no-contact order violations, but the administrators "failed to take any meaningful steps to provide protection or support."

Two weeks after the incident, a Title IX hearing was conducted, during which a group of students outside the hearing room cheered for the male students and were "loud and aggressive," but the campus security officer present, according to Cash, "took no steps to control and/or remove the crowd." Cash and her mother also objected to various procedural matters with respect to the hearing. At the close of the hearing, the panel found the students "not responsible" for violating the college's sexual harassment policy. Cash appealed the decision, prompting the college to overturn the decision and order a new hearing to assess the conduct. Before the new hearing date was scheduled, however, Cash withdrew from the college, finding the conditions on campus to be "intolerable and unaccommodating." She alleged that she suffered significant mental distress and trauma, aggravating a preexisting social anxiety disorder, of which the college was aware.

4

The defendants filed a motion to dismiss the complaint, and the district court granted it, adopting the magistrate judge's recommended findings that the college "took timely measures to end the harassment once they were aware of it" and, in any event that the alleged actions were "not sufficiently severe or pervasive to create a hostile or abusive environment." In its order, the court also denied Cash and her mother's motion to file an amended complaint, which would have left the factual allegations largely unchanged but would have included a new claim under the Americans with Disabilities Act. The court ruled that the proposed amendment would be futile, as the proposed complaint failed to allege that Cash had requested a specific accommodation in the investigation of her claims or the Title IX proceeding. From the district court's order dated January 22, 2019, Cash and her mother filed this appeal.

We have carefully reviewed the record, as well as the district court's reasons (including the magistrate judge's 37-page opinion making recommendations, which the district court adopted), and, for the reasons given, we affirm the dismissal of both the federal and related state law claims, as well as the denial of Cash's motion to amend her complaint. We agree with the district court that under the particular facts of this case, the one instance of sex-based verbal harassment and the course of conduct that followed, though unsettling did not rise to the level of "severe or pervasive." We also agree with the district court that the college took timely measures to end the harassment. Finally, we agree with the district court's denial of Cash's motion to amend, as the proposed complaint's new claim would be futile.

The judgment of the district court is accordingly

5

AFFIRMED.